UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 05-318 (RCL) |
| v. | ) ) |  |
| EUGENE JONES, JR. | ) ) |  |
| Defendant. | ) ) |  |

FILED
NOV 28 2012
Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION

Before the Court is defendant Eugene Jones, Jr.'s Motion [22] to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of defendant's Motion [22], the government's Opposition [24], defendant's Reply [25], the entire record herein, the applicable law, and for the reasons set forth below, the Court will deny the Motion.

### I. BACKGROUND

Mr. Jones pleaded guilty to one count of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii) ("crack" offense) and one count of Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c) ("firearm" offense). Specifically, Mr. Jones pleaded guilty to possession with intent to distribute 25.08 grams of crack and 301.76 grams of marijuana, as well as possession of a .32 caliber Smith & Wesson revolver. Plea Agreement ¶ 2, Nov. 18, 2005, ECF No. 11. After analysis by the Drug Enforcement Administration, the total amount of crack was lowered to 15.7 grams, and the total amount of marijuana was found to be 219.5 grams. Presentence Investigation Report 2d Revision ¶ 5, Apr. 26, 2006 ("PSR 2d"). On May 1, 2006, Jones was sentenced to two consecutive 60-month sentences on the crack and firearm offenses, followed by five years of supervised release. Judgment 1–2, May 1, 2006, ECF

No. 19. Although the Court found that the applicable sentencing range under the United States Sentencing Guidelines ("USSG") was 57 to 71 months—offense level 23,[1] criminal history category III—the defendant was sentenced to the mandatory minimum applicable at the time for the crack offense, 60 months, plus the mandatory 60-month consecutive sentence for the firearm offense.

Defendant argues that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which took effect on August 3, 2010, and Amendments 748 and 750 to the USSG, which implemented the FSA, entitle him to a reduced sentence and immediate release based on the new guideline range for crack offenses. Def.'s Mot. Reduce Sent. 1–2, Aug. 22, 2012, ECF No. 22. The pre-FSA crack sentencing guidelines were criticized for their disproportionately harsh treatment of crack versus powder cocaine possession and distribution. *See, e.g., Dorsey v. United States*, 132 S. Ct. 2321, 2328–29 (2012). Under the pre-FSA guidelines, there was a 100-to-1 disparity in the amount of crack cocaine necessary to trigger strict mandatory-minimum sentences. *Id.* The FSA lowered that disparity to 18-to-1. *Id.* at 2329. The United States Sentencing Commission ("USSC") promulgated Emergency Amendment 748, which became effective on November 1, 2010, and Amendment 750, which made the new lower sentencing ranges established by Amendment 748 permanent and took effect on November 1, 2011. *U.S. Sentencing Guidelines Manual (USSG) App. C. Vol. III.* The most recent USSG policy statement made Amendment 750 retroactive. *USSG* § 1B1.10. If the new guidelines were applied to the defendant, all other factors being the same, the applicable guideline range for Mr. Jones's crack offense would be 30 to 37 months—offense level 17, criminal history category III—plus the mandatory 60-month term for the firearm offense.

The questions at bar are these: is Mr. Jones eligible for a § 3583(c)(2) sentence

---

[1] Defendant received a three point decrease for acceptance of responsibility. PSR 2d ¶ 20.

reduction? And, if he is not, would the FSA independently entitle Mr. Jones to a reduction of his sentence? Unfortunately for Mr. Jones, the answer to both questions is no.

II. ANALYSIS

Under 18 U.S.C. § 3582(c)(2), the Court is allowed to modify a sentence when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with the applicable policy statements issued by the Commission." While it is true that the most recent USSG policy statement made the new lower sentencing ranges retroactive, our inquiry does not end there. *USSG* § 1B1.10. The D.C. Circuit has noted that "where a defendant is sentenced to a statutory mandatory minimum sentence, relief under section 3582(c)(2) is unavailable because the sentence is no longer 'based on' a sentencing range." *United States v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010).

Defendant, here, pleaded guilty to possession with intent to distribute at least five grams of crack. At the time, the mandatory minimum sentence for that offense was no less than five years imprisonment. *See* 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iii) (2006). Judge Kennedy imposed the mandatory minimum sentence on the defendant on May 1, 2006. Because the defendant was not sentenced pursuant to a guideline sentencing range that has been subsequently lowered but, instead, received the statutory mandatory minimum sentence, his sentence cannot be reduced under § 3582(c)(2).

The only remaining question is whether the FSA's new lower mandatory minimum is itself retroactive, which would allow the Court to re-open the defendant's sentencing and impose a lower sentence. In *Dorsey*, the Supreme Court determined that the FSA applies retroactively to defendants convicted of crack offenses before the enactment of the FSA—August 3, 2010—but

3

sentenced after the FSA took effect. 132 S. Ct. at 2335. The Court is now asked to extend *Dorsey* to defendants who were convicted and sentenced pre-FSA.

Defendant makes a strong argument that the reasoning used by the Supreme Court in *Dorsey* is applicable to his case. Def. Mot. Reduce Sent. 5–12. However, the Supreme Court has already foreclosed such extended application of its reasoning, noting that its decision would "create a new set of disparities. But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)." *Dorsey*, 132 S. Ct. at 2335. Moreover, the D.C. Circuit has also made clear that the FSA does not apply retroactively to defendants convicted and sentenced before its enactment. *See United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C. Cir. 2012). Because "district judges . . . are obliged to follow controlling circuit precedent until either [the D.C. Circuit], sitting en banc, or the Supreme Court, overrule it," this Court has no authority to hold that the FSA applies retroactively. *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997).

## III. CONCLUSION

For the foregoing reasons, the Court holds that the defendant's Motion to Reduce Sentence [22] must be denied. A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on November 27, 2012.